IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| UTEX INDUSTRIES, INC., *Plaintiff,* v. GD ENERGY PRODUCTS, LLC, *Defendant.* | C.A. No. 7:24-cv-00170 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff UTEX Industries, Inc. ("UTEX") files this Complaint for Patent Infringement ("Complaint") against Defendant GD Energy Products, LLC ("GDEP"), alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1. Plaintiff UTEX is a Delaware corporation with its corporate headquarters located at 10810 Katy Freeway, Suite 100, Houston, Texas 77043.

2. On information and belief, Defendant GDEP is an Oklahoma corporation with its principal place of business located at 4747 South 83rd East Avenue, Tulsa, Oklahoma 74145.

**JURISDICTION AND VENUE**

3. This action arises under at least the Patent Laws of the United States 35 U.S.C. § 271. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has general personal jurisdiction over Defendant because it has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

5. The Court has specific personal jurisdiction over Defendant because it both systematically and continuously conducts business in Texas and in this District.

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because the acts and transactions constituting the violations alleged herein occurred in part in this judicial district and GDEP has a regular and established place of business in this judicial district. For example, on information and belief, GDEP has a regular and established place of business located at 8620 E Hwy 191, Odessa, Texas 79765, where GDEP at least offers to sell and sells the Accused Products (defined below).

## BACKGROUND

7. UTEX was founded in 1940 in Houston, Texas, and remains a Texas-based manufacturing company. UTEX's product line includes packing assemblies for reciprocating plunger-type pumps that are commonly used in the oil and gas industry. Such pumps can suffer from leaks due to a lack of sealing between the plunger and casing. UTEX's packing assemblies solved this problem by providing a reliable and durable seal to stop such leaks, thus saving downtime and money for oil and gas companies across the country.

8. One component of such packing assemblies is called a "header ring." The header ring is a semi-flexible, but preferably durable, ring that is placed at the high-pressure end of a packing assembly. These header rings serve multiple purposes in addition to sealing. For example, the header rings serve as a wiper for the pump's plunger.

9. In order to achieve the critical performance and durability standards necessary to meet the requirements discussed above, header rings must be both expertly designed and manufactured. The creation of header rings involves several parameters, such as temperature, pressure, chemical composition, and time. UTEX has spent decades researching and developing

its header rings with the help of its established team of scientists, technicians, and engineers. Thus, the knowledge and craftsmanship required to make such header rings include many hard-won innovations for UTEX. In order to protect those innovations and investments, UTEX has obtained patent protection for different aspects of its header ring construction. UTEX's return on this long investment was that it became a leading manufacturer of packing assemblies and header rings for the oil and gas industry.

10. Among other products, UTEX sells packing assemblies for reciprocating plunger-type pumps across the United States. UTEX's packing assembly includes the patent-protected XLH® X-tended Life Header Ring. UTEX's XLH® X-tended Life Header Ring includes an outer layer of a fabric reinforced elastomeric material for increased performance and packing life.

11. On information and belief, GDEP was previously the pump packing business of Gardner Denver, Inc. ("Gardner Denver"), from which GDEP (then known as Gardner Denver High Pressure Solutions) was spun off in or around 2021.

12. GDEP has "service centers and manufacturing facilities across the nation and around the globe," including in Odessa, Texas. https://gdenergyproducts.com/about-us/presence (last accessed July 22, 2024) (screenshot below).



**GDEP's Presence in Odessa, TX**

13. In April 2018, UTEX sued Gardner Denver for patent infringement relating to Gardner Denver's pump packing business, in the case styled *UTEX Industries, Inc. v. Gardner Denver, Inc.*, Civil Action No. 4:18-cv-01254 (S.D. Tex.) ("the 2018 Litigation"). In that case, UTEX asserted United States Patent No. 9,534,691 ("the '691 Patent"), entitled "Packing Assembly for a Pump." *Id.* at Dkt. 74 ¶¶ 19, 35 (Third Amended Complaint). The accused product in that case was the header ring in Gardner Denver's "Redline Packing Series." *Id.* at ¶¶ 23, 26, 31–34. The parties jointly stipulated to the voluntary dismissal of that case on December 30, 2021.

14. On or around June 3, 2024, GDEP announced the launch of its Redline+ Packing Series, a new GDEP product that appears to be a redesign of the Redline Packing Series at issue in the 2018 Litigation. https://gdenergyproducts.com/news/gd-energy-products-delivers-optimal-

performance-improved-geometry-with-redline-packing (last accessed July 22, 2024). Upon information and belief, GDEP sells the Redline+ Packing Series products at their Odessa location.

15. Upon information and belief, claims of the Asserted Patents (defined below) cover the Redline+ Packing Series (the "Accused Products").

## THE ASSERTED PATENTS AND TECHNOLOGY

16. UTEX is the owner of United States Patent Nos. 10,428,949 ("the '949 Patent") and 11,300,206 ("the '206 Patent) (together, "the Asserted Patents").

17. On October 1, 2019, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '949 Patent, titled "Packing Assembly for a Pump," to UTEX. The named inventors of the '949 Patent are John A. Miller and Robert H. Ash, Jr. The '949 Patent is a continuation of the application that issued as the '691 Patent, the patent at issue in the 2018 Litigation. A true and correct copy of the '949 Patent is attached as Exhibit 1 to this Complaint.

18. On April 12, 2022, the USPTO duly and legally issued the '206 Patent, titled "Packing Assembly for a Pump," to UTEX. The named inventors of the '206 Patent are John A. Miller and Robert H. Ash, Jr. The '206 Patent is a continuation of the application that issued as the '949 Patent. A true and correct copy of the '206 patent is attached as Exhibit 2 to this Complaint.

19. The Asserted Patents disclose and claim improved header rings for use in a packing or seal assembly between a reciprocating, cylindrical member and a cylindrical wall of a housing in which the cylindrical member reciprocates. The Asserted Patents disclose and specifically claim novel and non-obvious subject matter that represents improvements over conventional header rings that were available as of the priority date of the Asserted Patents.

**GDEP'S INFRINGING PRODUCTS AND ACTIVITIES**

20. As described above, GDEP designs, manufactures, imports, sells, and/or offers to sell packing for reciprocating plunger-type pumps that it refers to as the Redline+ Packing Series. The Redline+ Packing Series consists of a set of rings that are sold together for use with pumping and/or fracking operations. A true and correct copy of GDEP's Redline+ Packing Series brochure is attached as Exhibit 3 and incorporated by reference.

21. The Redline+ Packing Series includes a header ring, which is red in the photo below:



**GDEP's Redline+ Packing Series**

Ex. 3 at 2 (yellow annotation added).

22. The Redline+ Packing Series, the header ring included with the Redline+ Packing Series, and any other products that include the same header ring included with the Redline+ Packing Series are referred to herein as the "Accused Products."

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,428,949

23. UTEX re-alleges and incorporates by reference the allegations in paragraphs 1-22 above.

24. UTEX is the assignee of the '949 Patent. UTEX has all substantial rights to enforce the '949 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

25. The '949 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. GDEP has infringed and continues to infringe directly and/or indirectly, either literally or under the doctrine of equivalents, one or more claims of the '949 Patent in this District and elsewhere.

### Direct Infringement

27. GDEP directly infringes at least claim 3 of the '949 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority, or license, the Accused Products. Claim 3 of the '949 Patent recites:

> 3. A header ring comprising:
>
> an opening;
>
> a radially inwardly extending first annular surface adjacent the opening, wherein the radially inwardly extending first annular surface has a portion facing in a first direction;

>an axially extending second annular surface opposite the opening;
>
>a radially extending third annular surface facing in the first direction and extending between the first annular surface and the second annular surface;
>
>a fourth annular surface facing in a second direction, the second direction being opposite to the first direction, and extending between the second annular surface and the radially inwardly extending first annular surface;
>
>an axially extending annular bead facing in the second direction and opposite the third annular surface, the bead being adjacent the first annular surface; and
>
>fabric reinforced elastomeric material covering at least the surfaces of the header ring facing in the first direction.

28. As shown in Exhibit 4 attached to this Complaint, the Accused Products meet each and every limitation of this claim. The header ring of the Accused Products comprises an opening. The header ring of the Accused Products further comprises a radially inwardly extending first annular surface adjacent the opening, wherein the radially inwardly extending first annular surface has a portion facing in a first direction. The header ring of the Accused Products further comprises an axially extending second annular surface opposite the opening. The header ring of the Accused Products further comprises a radially extending third annular surface facing in the first direction and extending between the first annular surface and the second annular surface. The header ring of the Accused Products further comprises a fourth annular surface facing in a second direction, the second direction being opposite to the first direction, and extending between the second annular surface and the radially inwardly extending first annular surface. The header ring of the Accused Products further comprises an axially extending annular bead facing in the second direction and opposite the third annular surface, the bead being adjacent the first annular surface. The header ring of the Accused Products further comprises fabric reinforced elastomeric material covering at least the surfaces of the header ring facing in the first direction.

**Indirect Infringement**

29. GDEP has actively induced, under 35 U.S.C. § 271(b), distributors, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Products to directly infringe one or more claims of the '949 Patent by using, offering for sale, selling, and/or importing the Accused Products. GDEP has done so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '949 Patent. On information and belief, GDEP intends to cause, and has taken affirmative steps to induce infringement by distributors, subsidiaries, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, manufacturing the Accused Products, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to those purchasers in the United States directly and/or through other affiliates and distributors.

30. On information and belief, GDEP has had knowledge of the '949 Patent since October 2019, and in any event GDEP has had knowledge of the '949 Patent since no later than December 20, 2019, when Gardner Denver filed an *Inter Partes* Review petition challenging the '949 Patent before the Patent Trial and Appeal Board of the USPTO. The '949 Patent is a continuation of the application that issued as the '691 Patent, which UTEX asserted against Gardner Denver in the 2018 Litigation.

31. On information and belief, despite having knowledge of the '949 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '949 Patent, GDEP has nevertheless continued its infringing conduct. GDEP's infringing activities relative to the '949 Patent have been and continue to be willful and deliberate misconduct beyond typical

infringement such that UTEX is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

32. UTEX has been damaged as a result of GDEP's infringing conduct. GDEP is liable to UTEX in an amount that adequately compensates UTEX for GDEP's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33. Further, as a result of GDEP's infringing acts, UTEX has been and continues to be irreparably injured and the remedies available to UTEX at law are inadequare to compensate for that injury. UTEX's irreparable injury will continue unless and until GDEP's continuing acts are restrained and enjoined by this Court. UTEX is thus entitled to injunctive relief enjoining and restraining GDEP, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further infringement of the '949 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 11,300,206

34. UTEX re-alleges and incorporates by reference the allegations in paragraphs 1-33 above.

35. UTEX is the assignee of the '206 Patent. UTEX has all substantial rights to enforce the '206 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

36. The '206 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

37. GDEP has infringed and continues to infringe directly and/or indirectly, either literally or under the doctrine of equivalents, one or more claims of the '206 Patent in this District and elsewhere.

**Direct Infringement**

38. GDEP directly infringes at least claim 1 of the '206 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority, or license, the Accused Products. Claim 1 of the '206 Patent recites:

> 1. A header ring adapted to be engageable with a reciprocating, cylindrical member and a cylindrical wall of a housing in which the cylindrical member reciprocates, comprising:
>
> an opening;
>
> a generally radially inwardly facing annularly extending sealing surface adjacent the opening and adapted to be engageable with a reciprocating, cylindrical member;
>
> a generally axially extending radially inwardly facing surface adjacent the opening;
>
> a radially outwardly facing surface opposite the opening and adapted to be engageable with a cylindrical wall of a housing;
>
> a radially extending surface extending between the generally radially inwardly facing surface and the radially outwardly facing surface; and
>
> an axially extending surface extending between the radially outwardly facing surface and the radially inwardly facing annularly extending sealing surface;
>
> wherein at least a section of the radially inwardly facing annularly extending sealing surface and at least a section of the generally axially extending radially inwardly facing surface comprise a layer of woven fabric; and
>
> wherein the layer of woven fabric of the section of the radially inwardly facing annularly extending sealing surface is adapted to be engageable with a reciprocating, cylindrical member.

39. As shown in Exhibit 5 attached to this Complaint, the Accused Products meet each and every limitation of this claim. The header ring of the Accused Products comprises an opening. The header ring of the Accused Products also comprises a generally radially inwardly facing

annularly extending sealing surface adjacent the opening and adapted to be engageable with a reciprocating, cylindrical member.  The header ring of the Accused Products further comprises a generally axially extending radially inwardly facing surface adjacent the opening.  The header ring of the Accused Products further comprises a radially outwardly facing surface opposite the opening and adapted to be engageable with a cylindrical wall of a housing.  The header ring of the Accused Products further comprises a radially extending surface extending between the generally radially inwardly facing surface and the radially outwardly facing surface.  The header ring of the Accused Products further comprises an axially extending surface extending between the radially outwardly facing surface and the radially inwardly facing annularly extending sealing surface.  The header ring of the Accused Products further comprises at least a section of the radially inwardly facing annularly extending sealing surface and at least a section of the generally axially extending radially inwardly facing surface comprise a layer of woven fabric.  And the header ring of the Accused Products further comprises the layer of woven fabric of the section of the radially inwardly facing annularly extending sealing surface is adapted to be engageable with a reciprocating, cylindrical member.

40. GDEP also directly infringes at least claim 4 of the '206 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority, or license, the Accused Products.  Claim 4 of the '206 Patent recites:

> 4. A header ring adapted to be engageable with a reciprocating, cylindrical member and a cylindrical wall of a housing in which the cylindrical member reciprocates, comprising:
>
> an opening; and
>
> a resilient body, comprising:

> a generally radially inwardly extending first annular portion adjacent the opening and adapted to be engageable with a reciprocating, cylindrical member;
>
> a generally axially extending second annular portion adjacent the opening;
>
> an axially extending third annular portion opposite the opening and adapted to be engageable with a cylindrical wall of a housing;
>
> a radially extending fourth annular portion facing in a first direction and extending between the second and third annular portions; and
>
> a fifth annular portion facing in a second direction, the second direction being opposite to the first direction, and extending between the third annular portion and the first annular portion;
>
> wherein at least a section of the radially inwardly extending first annular portion and at least a section of the generally axially extending second annular portion comprise a surface layer of woven fabric; and
>
> wherein the surface layer of woven fabric of the section of the radially inwardly extending first annular portion is adapted to be engageable with a reciprocating, cylindrical member.

41. As shown in Exhibit 5 attached to this Complaint, the Accused Products meet each and every limitation of this claim. The header ring of the Accused Products comprises an opening and a resilient body. The resilient body comprises a generally radially inwardly extending first annular portion adjacent the opening and adapted to be engageable with a reciprocating, cylindrical member. The resilient body further comprises a generally axially extending second annular portion adjacent the opening. The resilient body further comprises an axially extending third annular portion opposite the opening and adapted to be engageable with a cylindrical wall of a housing. The resilient body further comprises a radially extending fourth annular portion facing in a first direction and extending between the second and third annular portions. The resilient body further comprises a fifth annular portion facing in a second direction, the second direction being opposite to the first direction, and extending between the third annular portion and the first annular portion.

The resilient body further comprises at least a section of the radially inwardly extending first annular portion and at least a section of the generally axially extending second annular portion comprise a surface layer of woven fabric. And resilient body further comprises the surface layer of woven fabric of the section of the radially inwardly extending first annular portion is adapted to be engageable with a reciprocating, cylindrical member.

## Indirect Infringement

42. GDEP has actively induced, under 35 U.S.C. § 271(b), distributors, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Products to directly infringe one or more claims of the '206 Patent by using, offering for sale, selling, and/or importing the Accused Products. GDEP has done so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '206 Patent. On information and belief, GDEP intends to cause, and has taken affirmative steps to induce infringement by distributors, subsidiaries, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, manufacturing the Accused Products, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to those purchasers in the United States directly and/or through other affiliates and distributors.

43. On information and belief, GDEP has had knowledge of the '206 Patent since the issuance of the patent in April 2022, and in any event GDEP has had knowledge of the '206 Patent since no later than the service of this Complaint.

44. On information and belief, despite having knowledge of the '206 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '206 Patent, GDEP has nevertheless continued its infringing conduct. GDEP's infringing activities relative to

the '206 Patent have been and continue to be willful and deliberate misconduct beyond typical infringement such that UTEX is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

45. UTEX has been damaged as a result of GDEP's infringing conduct. GDEP is liable to UTEX in an amount that adequately compensates UTEX for GDEP's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46. Further, as a result of GDEP's infringing acts, UTEX has been and continues to be irreparably injured and the remedies available to UTEX at law are inadequare to compensate for that injury. UTEX's irreparable injury will continue unless and until GDEP's continuing acts are restrained and enjoined by this Court. UTEX is thus entitled to injunctive relief enjoining and restraining GDEP, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further infringement of the '206 Patent

## JURY DEMAND

47. UTEX hereby demands a jury trial of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

48. For the reasons stated, UTEX prays for judgment against GDEP, including the following relief:

    A.    A judgment that GDEP has infringed and has induced infringement of one or more claims of the '949 Patent;

    B.    A judgment that GDEP has infringed and has induced infringement of one or more claims of the '206 patent;

    C.    A judgment that each of the Asserted Patents are valid and enforceable;

D. A permanent injunction enjoining GDEP, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities, from infringing the Asserted Patents, and/or inducing or contributing to the infringement of the Asserted Patents;

E. A judgment requiring GDEP to pay damages adequate to compensate UTEX for GDEP's infringing activities as provided by 35 U.S.C. § 284;

F. A finding that GDEP has willfully infringed and is willfully infringing one or more claims of the Asserted Patents;

G. A judgment increasing the damages award up to three times the amount found or assessed from GDEP's willfully infringing activities as provided by 35 U.S.C. § 284;

H. A judgment requiring GDEP to pay UTEX's costs, expenses, and prejudgment and post judgment interest for GDEP's infringement of the Asserted Patent pursuant to 35 U.S.C. § 284;

I. A judgment that this is an exceptional case and requiring GDEP to pay UTEX's reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

J. Such other and further relief as the Court deems just and equitable.

Dated:  July 22, 2024

Respectfully submitted,

*/s/ Hilary L. Preston*
Hilary L. Preston
Texas State Bar No. 24062946
Jeffrey T. Han
Texas State Bar No. 24069870
Mike Schiller
Texas State Bar No. 24125847
VINSON & ELKINS L.L.P.
200 W. 6th Street, Suite 2500
Austin, Texas  78701
Telephone:  (512) 542-8400
Facsimile:   (512) 542-8612
Email:  hpreston@velaw.com
Email:  jhan@velaw.com
Email:  mschiller@velaw.com

Eric J. Klein
Texas State Bar No. 24041258
Paige H. Wright
Texas State Bar No. 24109833
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone:  (214) 220-7700
Facsimile:   (214) 220-7716
Email:  eklein@velaw.com
Email:  pwright@velaw.com

**ATTORNEYS FOR PLAINTIFF UTEX INDUSTRIES, INC.**