# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| UTEX INDUSTRIES, INC., *Plaintiff*, v. GD ENERGY PRODUCTS, LLC, *Defendant.* | C.A. No. 7:24-cv-00170-DC-DTG |

## ORDER ON FEBRUARY 11, 2025 DISCOVERY DISPUTE

On February 3, 2025, Plaintiff UTEX Industries, Inc. submitted a discovery dispute chart (below) seeking an order compelling Defendant GD Energy Products, LLC to "supplement its preliminary invalidity contentions by identifying a reasonable number of specific obviousness combinations, including identification for each combination of where in the prior art references from each combination each element of the asserted claims are found." The Court held oral argument by teleconference on February 11, 2025 on the discovery dispute. The parties' positions on the discovery dispute are identified in the chart below:

| UTEX's Position | GD Energy's Position |
|---|---|
| On December 4, 2024, GDEP served its preliminary invalidity contentions on UTEX. The contentions do not identify any obviousness combinations under which GDEP may argue that the asserted patents are invalid. Instead, the cover pleading broadly states: "The Defendant reserves the right to rely on any combination of art Defendant has charted in its Preliminary Invalidity Contentions as well as any combinations disclosed in the prosecution histories of the references cited herein." Ex. A at 24. GDEP's supplement to its contentions states that "it would have been obvious to a POSITA to combine the shape | GDEP's Preliminary Invalidity Contentions fully comply with OGP 4.4 for Patent Cases and the Scheduling Order which require "preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found[.]" GDEP has done that, providing 18 charts for each Asserted Patent, identifying specifically where each element of the asserted claims is found in the prior art. In an attempt to avoid burdening the Court with this issue, GDEP supplemented its contentions to identify combinations. Ex. C. Thus, UTEX has more than sufficient notice of GDEP's |

disclosed in any one of the [18] references in Table 1 with the fabric teachings of any [of the 28] reference[s] in Table 2, or to modify the disclosures in any one of the references in Table 1 based on the fabric teachings of any reference in Table 2"—resulting in around 500 possible combinations of 2 references, or exponentially more if combining more than 2 references. *See* Ex. C at 1-4. This effort by GDEP to obscure its obviousness theories behind an unreasonable number of possible combinations, most of which GDEP surely knows even at this early stage that it will never include in its expert report, much less bring to trial, is not sufficient to provide UTEX with fair notice of GDEP's obviousness contentions.

"[T]he purpose of invalidity contentions is to provide notice…." *Pisony v. Commando Constrs., Inc*., No. 6:17-CV-00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020) (quoting *Realtime Data, LLC v. T-Mobile, U.S.A., Inc*., No. 6:10CV493, 2013 WL 12149180, at *3 (E.D. Tex. Feb. 8, 2013)). Such notice is necessary to allow UTEX to consider GDEP's obviousness theories during claim construction and in discovery. However, GDEP's reservation of a right to assert any combination of references fails to provide UTEX with the necessary notice. *See Realtime Data, LLC v. Packeteer, Inc*., 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8, 2009) ("Language preserving a defendant an opportunity to later rely upon undisclosed combinations does not 'clearly suggest' the combination.").

The Scheduling Order required GDEP to provide "a chart setting forth where in the prior art references each element of the asserted claim(s) are found." Dkt. No. 23 at 1. This mirrors language for invalidity contentions established by Judge Alan Albright, who has interpreted that requirement to include disclosure of a list that "includes the 103 obviousness theories. UTEX's arguments to the contrary are unsupported and should be moot.

UTEX takes issue with the number of possible combinations, but UTEX has not identified a single rule or case that requires GDEP to narrow its *preliminary* invalidity contentions at this stage. And despite UTEX's demands that GDEP identify "a reasonable number of specific obviousness combinations," UTEX has refused specify what number of combinations would be "reasonable." The assertion of 29 unique references is not unusual or excessive at this stage.

Claim construction is ongoing and UTEX has not yet explained the plain and ordinary meanings of the disputed terms. Fact discovery will not begin until April and the deadline for serving final contentions occurs later in the case. Dkt. 23 at 2. GDEP, respectfully, should not be expected to narrow its invalidity contentions at this early stage. *Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2020 WL 1275786, at *4 (E.D. Tex. Mar. 17, 2020) (rejecting plaintiff's complaint that defendants' preliminary invalidity contentions were deficient for failing to identify specific obviousness combinations). Further, UTEX's infringement contentions provide conflicting readings of the claim language as applied to GDEP's product. GDEP cannot narrow its responsive invalidity contentions with such uncertainty from UTEX's infringement and claim construction positions.

Contrary to UTEX's assertion, Judge Albright's ruling does not mandate disclosure of specific obviousness contentions in preliminary invalidity contentions. That case involved UTEX's current counsel, who did not identify obviousness combinations in preliminary (or final) contentions, maintained the contentions provided sufficient notice at

| | |
|---|---|
| designations." Ex. B at 10:12-20. Specifically, Judge Albright specified that simply identifying "10 or 20 individual 102 pieces of art, any of which might be combined with each other" was insufficient, and that the contentions should identify "103 combinations." *Id*. Judge Albright specifically rejected the argument, also made by GDEP here, that the language defining the requirements for invalidity contentions does not include disclosure of obviousness combinations. *See id.* at 4:10-5:15. The fact that Judge Albright's ruling concerned final invalidity contentions is irrelevant, as the same scheduling order language applies to GDEP's preliminary invalidity contentions.<br><br>UTEX's Requested Relief:<br>Order that "GDEP is required to supplement its preliminary invalidity contentions by identifying a reasonable number of specific obviousness combinations, including identification for each combination of where in the prior art references from each combination each element of the asserted claims are found." | that stage, and contended they were not required to identify combinations until expert discovery. Ex. D at 2–3. Judge Albright did not strike defendant's invalidity contentions, but rather ordered defendant to narrow the art it intends to rely on in good faith one month before expert reports were due. Ex. B at 7. "[T]he purpose of invalidity contentions is to provide notice while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses." *Pisony v. Commando Constrs., Inc.*, No. 6:17-CV-00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020). Regardless, GDEP **has** provided its obviousness combinations, has supplemented with what it can at this stage of the case and will continue to do so as the case progresses. But GDEP should not be expected to prove its invalidity case at this stage. *See id.* at *1.<br><br>GDEP's Requested Relief:<br><br>GDEP respectfully requests the Court deny UTEX's requested relief. |

Having considered the parties' positions, and GD Energy's statement that it is limiting its obviousness combinations to one geometry reference combined with one fabric reference, which are identified in Exhibit C to the charts that were submitted to the Court—for a total of 504 possible combinations—at the preliminary invalidity contention stage, the Court **DENIES** UTEX's requested relief.

SIGNED this 26th day of February, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

3