**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| UTEX INDUSTRIES, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>GD ENERGY PRODUCTS, LLC,<br><br>*Defendant*. | Case No. 7:24-cv-00170-ADA-DTG<br><br>JURY TRIAL DEMANDED |

# DEFENDANT GD ENERGY PRODUCTS, LLC'S NOTICE REGARDING FINAL JUDGMENT

To memorialize on the docket certain positions and submissions leading up to the Court's Final Judgment, Defendant GD Energy Products LLC ("GD Energy") files this Notice regarding the Court's Final Judgment. On August 20, 2026, UTEX submitted an email to the Court stating, among other things, the substance of what is contained in footnotes 1 and 2 in Dkt. 200-1. Those footnotes effectively asked the Court to reconsider the arguments UTEX previously made and that the Court already rejected regarding the jury's verdict on breach of contract. On August 24, 2026, with permission from the Court, GD Energy responded prior to the Court's entry of final judgment with, among other things, the following response to UTEX's statements regarding breach of contract:

> Rule 58(b)(1) recognizes that a judgment should be promptly entered when the jury returns a general verdict. UTEX's email challenges the jury verdict. Such challenges should be raised, if at all, in accordance with Rules 50(b) and 59 governing post-trial motions.
>
> No rule permits UTEX's lengthy email argument, which is contrary to the OGP that "discourages the parties from providing extensive substantive argument" for final judgment. In addition to violating the OGP, UTEX's email seeking judgment of "no breach" is effectively an improper run at a motion for reconsideration. "A

motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). Yet that is precisely what UTEX does—rehash by email the same argument, *i.e.*, that a damages award is required for a breach-of-contract claim, which the Court considered and rejected at 50(a). Rough Tr. (Day 4) at 864:16-867:13; Rough Tr. (Day 5) at 1004:22-1005:23.

As the Court already concluded at 50(a), the evidence submitted to the jury could sustain a breach-of-contract claim. The evidence presented at trial and the instructions given to the jury on the elements for the breach of the covenant not to sue expressly required that the jury find GD Energy sustained damages from UTEX's breach of the covenant not to sue. Dkt. 191 at 55 (Final Jury Instructions) ("In order to prove a breach of contract, GD Energy must prove by a preponderance of the evidence, i.e., that it is more likely than not, that: 1. UTEX breached the contract; and 2. GD Energy sustained damages from UTEX's breach."). Sufficient evidence was presented at trial to support the jury's finding that GD Energy sustained damages from the breach. GD Energy's Vice President of Engineering, Chris Degginger, testified about the costs and harm GD Energy suffered from UTEX's breach of the covenant not to sue related not only to legal costs, but also to time spent by employees working on the lawsuit rather than substantive work for the company and developing strategies to assure customers that the lawsuit would not impact product supply. *See, e.g.*, Rough Tr. (Day 3) at 636:16–637:5 (Degginger) ("We've had an opportunity lost, a lot of engineers who had been working on this project. I'm here today and this week working on this project, so there's other things we could be doing at the same time. And then we spent a significant amount of time working with our customer base, trying to build their confidence, and that's as a supplier, under the threat of the UTEX suit."). Mr. Degginger also testified that those costs far exceeded the limited depositions costs incurred by GD Energy. *See also id.* at 637:6–23, DTX-1023–DTX-1036, DTX-1080–DTX-1095 (collectively discussing deposition costs). The jury was entitled to credit this evidence of GD Energy's damages, and UTEX cites nothing to the contrary.

Moreover, UTEX's position, *i.e.*, that there is no breach of contract absent an award of damages, is contrary to the law. "[C]ourts have recognized that a 'valid claim' under section 38.001 of the Texas Civil Practices and Remedies Code is not limited to a claim for monetary damages, but also encompasses specific performance of the agreement to avoid actual damages." *Scott Pelley P.C. v. Wynne*, 2017 WL 3699823, at *14 (Tex. App.—Dallas Aug. 28, 2017) (citing cases); *see also Felix v. Prosperity Bank*, 2015 WL 9242048, at *3 (Tex. App.—Houston [1st Dist.] Dec. 17, 2015) (finding determination that non-movant breached a covenant not to sue "effectively enforced specific performance of [the] covenant not to sue, preventing actual loss to [the movant]" supported an award of attorney's fees under Chapter 38); *Moctezuma v. Islas*, No. 4:18-cv-00342-ALM-CAN, 2020 WL 3087136, at *2 (E.D. Tex. May 7, 2020) ("[A] party can [ ]be a prevailing party by obtaining specific performance of a contract....Thus, attorney's fees are recoverable under section 38.001 when a party obtains an award of specific performance, for example,

to enforce a settlement agreement that ends ongoing litigation....”), *report and recommendation adopted*, 2020 WL 3078073 (E.D. Tex. June 10, 2020). Indeed, the Texas Supreme Court recognized that “[s]ettlement agreements, releases, and covenants not to sue are unique in that their goal is often to end litigation. Therefore, unlike most contracts, a breach of one of these agreements often results in damages only in the form of attorney’s fees.” *Wang v. Whittenburg*, 735 S.W.3d 710, 715-16 (Tex. 2026).

Here, the jury’s verdict finding that UTEX breached the covenant not to sue provides significant relief to GD Energy, regardless of whether compensatory damages were awarded for the breach. GD Energy has both an affirmative defense and counterclaim of non-infringement. Dkt. 58-01 at Counterclaim, ¶¶ 16–21. The jury was instructed that if the Redline+ was found to be covered by the covenant not to sue, then part of the relief that GD Energy must be granted is a finding of non-infringement. *See* Rough Tr. (Day 4) at 1033:25–1034:13. The jury’s finding that GD Energy is licensed under the covenant not to sue provided actual and meaningful relief to GD Energy from the damages and judgment that UTEX sought in this case (*i.e.*, more than $38 million in damages, an ongoing royalty, and an injunction) and prevents UTEX from filing any subsequent lawsuit on the Redline+ packing set on any claim. That is “actual and meaningful relief” and “something that materially alters the parties’ legal relationship.” *See, e.g.*, *Intercontinental Grp. P’ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 655 (Tex. 2009).

UTEX’s cases are inapposite. In *Intercontinental*, no damages were awarded and there was no change in the legal relationship between the parties. *Id.* at 655. Instead, the party accused of the breach continued the conduct that supposedly constituted the breach and “was not required to pay a single dollar in damages or do anything else it otherwise would not have done.” *Id.* Here, the finding of breach means that UTEX cannot do something that it otherwise would have done, *i.e.*, continue asserting its patents against Redline+. *Green International, Inc. v. Solis*, 951 S.W.2d 384 (Tex. 1997), is similarly irrelevant because the court did not award the relief that UTEX seeks, *i.e.*, a finding of no breach because no damages were awarded. Instead, *Green* addresses whether attorneys’ fees can be awarded if a jury awards no damages for the breach. *Id.* at 390. Similar to the reasoning in *Intercontinental*, the court concluded that fees could not be awarded because the only relief sought was damages, and the jury concluded there were none. Here, by contrast, the jury concluded that GD Energy sustained damages, and GD will obtain meaningful relief even absent an award of compensatory damages.

GD Energy respectfully requests that the Court enter the attached final judgment and reject UTEX’s request to delay the entry of judgment. The jury’s verdict should stand, and GD Energy believes it is entitled to attorneys’ fees under Chapter 38, as will be addressed in post-trial briefing.

By memorializing that submission on the docket, GD Energy does not waive or forego any of its previous objections to or positions on the inclusion or exclusion of issues in the Final

Judgment, as previously raised with the Court or as forthcoming in its post-trial briefing. *See* Dkts. 201, 202; *see, e.g.*, Fed. R. Civ. P. 50, 54, 58(b).

Dated: August 25, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li, P.C.
Texas State Bar No. 24070142
**KIRKLAND & ELLIS LLP**
401 West 4th Street
Austin, Texas 78701
Telephone: (512) 678-9100
Facsimile: (512) 678-9101
Email: kat.li@kirkland.com

Sean M. McEldowney (admitted *pro hac vice*)
Matthew J. McIntee (admitted *pro hac vice*)
Alexandra Obiol (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: sean.mceldowney@kirkland.com
Email: matt.mcintee@kirkland.com
Email: alexandra.obiol@kirkland.com

Leslie M. Schmidt, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: leslie.schmidt@kirkland.com

Nichole DeJulio (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: (714) 982-8822
Facsimile: (714) 982-8844
Email: nichole.dejulio@kirkland.com

***Counsel for Defendant***
***GD Energy Products, LLC***

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2026, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on all registered counsel of record via the Court's ECF System.

*/s/ Kat Li*
Kat Li, P.C.